E-FILED
Tuesday, 21 June, 2022  09:39:31 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **MICHELLE BAPTIST,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 20-3168** |
| | ) | |
| **KILOLO KIJAKZI, Commissioner** | ) | |
| **of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

This matter comes before the Court on the Report and
Recommendation of the United States Magistrate Judge (d/e 22).
The Magistrate recommends the Court (1) grant Defendant
Commissioner of Social Security Kilolo Kijakzi's Motion for
Summary Affirmance (d/e 19), (2) deny Plaintiff Michelle Baptist's
Motion for Summary Judgment (d/e 15), and affirm the decision of
the Defendant Commissioner that Plaintiff was neither disabled nor
entitled to Social Security Disability Insurance Benefits.  Plaintiff
filed her Objections to the Report and Recommendation on
February 1, 2022.  (d/e 23).  Those Objections are OVERRULED

because the Magistrate correctly concluded that ALJ's decision was based on substantial evidence.

## I.    BACKGROUND

The Court adopts the facts as presented by Magistrate Judge Schanzle-Haskins in the Report and Recommendation.  The Court sets forth below and in its analysis only those facts necessary to resolve Plaintiff's objection to the Report and Recommendation.

Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on August 15, 2014, alleging a disability beginning December 14, 2013.  Each application was denied by the Disability Determination Bureau ("DDB") initially and on reconsideration.  Plaintiff then requested an administrative hearing before an Administrative Law Judge ("ALJ").  That hearing took place on February 14, 2017.  While the ALJ's initial opinion denying Plaintiff's claim was remanded by the Appeals Council, the ALJ again issued an opinion denying Plaintiff's claim for benefits on May 8, 2019.  Plaintiff's second request for review was denied by the Appeals Council on the same day.  As such, the ALJ's 2019 decision became the final decision of Defendant Commissioner.  See Nelms v. Astrue, 553 F.3d 1093, 1097 (7th Cir. 2009).

The ALJ conducted the usual five-step analysis as set forth in 20 C.F.R. § 404.1520(a)(4).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since December 14, 2013 (fulfilling step one) and that Plaintiff suffered from the severe impairment of cervical radiculopathy (fulfilling step two).  R. 26–27.  However, at step three the ALJ found that the severity of Plaintiff's impairments did not meet the criteria for an impairment as specified in 20 C.F.R. Part 404 Subpart P, Appendix 1 because Plaintiff could ambulate and because Plaintiff did not suffer from either spinal arachnoiditis or muscle atrophy.  R. 28.  The ALJ then concluded, at step four, that Plaintiff "has the residual functional capacity to perform the full range of light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b)" and that Plaintiff "is able to sit, stand, and walk for 6 hours each in an eight-hour period."  R. 28.  The ALJ concluded, as a result, that Plaintiff could perform her prior relevant work.  R. 34–35.  Accordingly, the ALJ concluded that Plaintiff was not disabled.  R. 35.

Plaintiff then filed the present suit on June 6, 2020 seeking judicial review pursuant to 42 U.S.C. § 405(g).  Plaintiff and Defendant each filed Motions for Summary Judgment (d/e 15 &

19).  The matter was referred to Magistrate Judge Tom Schanzle-

Haskins, who entered a Report and Recommendation (d/e 22) on

January 18, 2022 recommending the ALJ's 2019 decision be

affirmed, Defendant's Motion for Summary Judgment be granted,

and Plaintiff's Motion for Summary Judgment be denied.  Plaintiff

filed an Objection (d/e 23) on February 2, 2022.

## II.   LEGAL STANDARD

When a magistrate judge proposes factual findings and

recommendations, the district court "may accept, reject, or modify,

in whole or in part, the findings or recommendations made by the

magistrate judge."  28 U.S.C. § 636(b)(1).  The district court may

also receive further evidence or recommit the matter to the

magistrate judge with instructions.  Id.  The district court reviews

de novo any part of a magistrate judge's report and

recommendation to which a specific written objection has been

made.  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

In conducting this de novo review, the Court reviews the

decision of the ALJ to determine whether the decision is supported

by substantial evidence.  See Overman v. Astrue, 546 F.3d 456, 462

(7th Cir. 2008) (citation omitted).  If the decision has such support,

the Court may not substitute its judgment for that of the ALJ.  See id.  "Substantial evidence is only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Nelson v. Apfel, 131 F.3d 1228, 1234 (7th Cir. 1997).

This Court will not review the credibility determinations of the ALJ unless the determinations lack any explanation or support in the record.  Elder v. Astrue, 529 F.3d 408, 413-14 (7th Cir. 2008).  The ALJ must articulate at least minimally her analysis of all relevant evidence, Herron v. Shalala, 19 F.3d 329, 333 (7th Cir. 1994), and "the [ALJ's] decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues," Lopez ex rel. Lopez v. Barnhart, 336 F.3d 535, 539 (7th Cir. 2003).  Additionally, the ALJ must "build an accurate and logical bridge from the evidence to [her] conclusion."  Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000).

### III.   ANALYSIS

Plaintiff raises two objections to the Magistrate's Report and Recommendation (d/e 22).  Both are overruled.

Plaintiff first argues that the ALJ in this case did not consider Plaintiff's most recent medical evidence, namely, the results of a

February 2016 MRI, and so the decision of the ALJ cannot be supported by substantial evidence.  Plaintiff argues that, in doing so, the ALJ below acted in the same way the ALJ's acted in McHenry v. Berryhill, 911 F.3d 866 (7th Cir. 2018), and Goins v. Colvin, 764 F.3d 677 (7th Cir. 2014).  Not so.  In both McHenry and Goins, the Seventh Circuit reversed the findings of ALJ's who "played doctor" when the ALJ's concluded, without medical input, that both claimants' most recent MRI results were consistent with the ALJ's own conclusions about the claimants' impairments. McHenry, 911 F.3d at 871; Goins, 764 F.3d at 680.  But as the Magistrate's Report and Recommendation notes, the ALJ in this case, unlike in Goins and McHenry, did consider updated imaging reports.  While Plaintiff was hospitalized in 2016 as the result of experiencing aneurysms, one of which required a clipping, the ALJ below considered updated reports from Dr. Amin and Dr. Graham from 2018 and as well as a report from Dr. Siddiqui from later 2016.  R. 28 & 32.  Those reports were more recent than the 2016 MRI which Plaintiff claims went unaddressed.  Dr. Amin's report first noted that Plaintiff had undergone an "aneurysm clip obliteration" and then stated that she "recently underwent EMG

nerve conduction study which demonstrated a mild right C7 radiculopathy." R. 2087. Dr. Graham reported the same observation. R. 2063. Dr. Siddiqui noted that he believed the "MRI findings are most likely secondary to the traction and are not strokes" and explained that to Plaintiff. R. 1836. Both the ALJ and the Magistrate included these reports in their decisions. R. 27–32; R. & R. (d/e 22) at 33, 37, 41. The ALJ then concluded that "there was no evidence to support a finding of more than mild issues." R. 32. Neither the ALJ nor the Magistrate erred.

Plaintiff's second objection is also overruled. In her second objection, Plaintiff argues that the ALJ impermissibly "ignore[d] the context" of the substantial gainful activity the ALJ found Plaintiff performed from January 2015 through September 2015. That activity was as an in-home assistant to Plaintiff's disabled son in which Plaintiff provided her son with verbal prompts for daily living skills. Plaintiff argues that the ALJ erred in relying on the substantial gainful activity finding in dismissing the medical opinions of Dr. Ellison and Ms. Rebecca Wangard, FNP because, as Plaintiff puts it, the substantial gainful activity was "effectively a subsidy from the State of Illinois for living with a disabled

dependent." Pl.'s Obj. (d/e 23) p. 5. However, the ALJ did not rely solely on that finding in dismissing Dr. Ellison's and Ms. Wangard's medical opinions. The ALJ also stated that those opinions were not consistent with other substantial gainful activity from December 2013 through December 2014 or from October 2015 through the date of the ALJ hearing. R. 34. The ALJ also stated that the medical opinions were not consistent with other medical reports stating Plaintiff lacked muscle atrophy, lacked spinal surgeries, refused treatment interventions, and that the other MRI studies did not show spinal stenosis or cord compression. Id. Given the additional medical evidence considered, the ALJ did not err in rejecting the opinions of Dr. Ellison and Ms. Wangard and the Magistrate did not err in affirming that rejection.

## IV. CONCLUSION

Plaintiff essentially asks the Court to reweigh the evidence which the ALJ already considered. The Court will not do that. See Clifford v. Apfel, 227 F.3d 863, 869 (7th Cir. 2000). Neither the ALJ nor the Magistrate substituted medical opinions of experts with their own. The ALJ's decision relied on substantial evidence and built an accurate and logical bridge from the evidence to her

conclusion.  Accordingly, Plaintiff's Objections (d/e 23) are

OVERRULED and Magistrate Judge Schanzle-Haskins' Report and

Recommendation (d/e 22) is ACCEPTED and ADOPTED.  Plaintiff's

Motion for Summary Judgment and Remand (d/e 15) is DENIED,

and Defendant's Motion for Summary Affirmance (d/e 19) is

GRANTED.  The Clerk is directed to enter judgment and close this

case.

**IT IS SO ORDERED.**
**ENTERED: June 17, 2022.**
**FOR THE COURT**

/s/ Sue E. Myerscough

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**